IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff/Respondent, | : | CRIMINAL ACTION |
| | : | NO. 2:03-CR-06-WCO |
| vs. | : | |
| | : | CIVIL ACTION |
| JEFFERY WAYNE MANDERS, | : | NO. 2:05-CV-178-WCO |
| | : | |
| Defendant/Petitioner. | : | |

**<u>ORDER</u>**

The captioned case is before the court for consideration of petitioner Jeffery Wayne Manders' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [39-1], motions to amend his § 2255 petition [56-1, 59-1], motion to proceed <u>in forma pauperis</u> [40-1], and motion to modify this court's restitution order [60-1]. Petitioner has also written the court several letters, which the court will treat as motions, seeking reconsideration of its denial of a temporary release from custody and a recommendation of transfer to the United States Bureau of Prisons' facility in Atlanta, Georgia or Talladega, Alabama.

On May 13, 2003, petitioner pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. Petitioner was sentenced on August 13,

2003, to a term of ninety-six (96) months in prison, to be followed by sixty (60) months of supervised release, and ordered to pay restitution in the amount of $450,328.71.  The Eleventh Circuit Court of Appeals affirmed petitioner's conviction and sentence on direct appeal.  See United States v. Manders, No. 03-14112, slip op. (11th Cir. June 23, 2004), reh'g en banc denied, No. 03-14112, slip op. (11th Cir. Feb. 9, 2005), cert denied, _ U.S. _, 126 S. Ct. 417 (Oct. 11, 2005).

### I.     Petitioner's § 2255 Motion

On November 25, 2005, petitioner filed a motion seeking to vacate, correct, or set aside his sentence under § 2255.  Petitioner contends that his sentence is an unconstitutional violation of his Sixth Amendment rights in light of the United States Supreme Court's decisions in United States v. Booker, 546 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).  Petitioner also claims that he was denied effective assistance of counsel because of his attorney's (1) failure to raise Apprendi at sentencing and upon direct appeal; (2) failure to adequately object to the court's imposition of an obstruction of justice enhancement under U.S.S.G. § 3C1.1; and (3)

failure to adequately object to a two (2) level upward departure under U.S.S.G. § 4A1.3.[1]

Before analyzing petitioner's individual claims, the court must determine whether petitioner is barred from raising them in the pending § 2255 motion.  As part of his plea agreement, petitioner specifically agreed to waive the right to appeal his sentence and the right to attack his sentence in any post-conviction proceeding, including a motion brought pursuant to § 2255.  See United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993) (discussing the enforceability of sentence appeal waivers).  The waiver contained one exception, by which petitioner retained the right to file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range.  (Plea Agreement, at 5).  Petitioner filed such an appeal with the Eleventh Circuit, arguing that he was punished more than once for his pretrial conduct by the court's denial of a downward departure for acceptance of responsibility and application of an enhancement for obstruction of justice.  The Eleventh

---

[1] Petitioner raised substantially similar arguments before the Eleventh Circuit on direct appeal.  The Eleventh Circuit affirmed this court's sentencing order, finding that no error had occurred.  See United States v. Manders, No. 03-14112, slip op. at 5-6 (11th Cir. June 23, 2004).

Circuit, however, found that the court did not err in imposing an upward departure based on petitioner's criminal history and did not impermissibly consider petitioner's pretrial behavior. See United States v. Manders, No. 03-14112, slip op. at 5-6 (11th Cir. June 23, 2004).

In the present motion, petitioner does not allege that his plea agreement or sentence appeal waiver is invalid or was otherwise unknowingly and involuntarily made. The Eleventh Circuit, in reviewing petitioner's direct appeal, found that this court specifically questioned petitioner about his sentence appeal waiver and informed him that he would not be allowed to withdraw his guilty plea if he received a harsher sentence than expected. As such, the Eleventh Circuit held that petitioner's waiver was knowing, voluntary, and enforceable. Id. at 2-3. Because petitioner's present claims fall directly within the scope of the appeal waiver, he is precluded from collaterally attacking his sentence through a § 2255 motion. See, e.g., United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997); United States v. Buchanan, 131 F.3d 1005, 1008-09 (11th Cir. 1997); Bushert, 997 F.2d at 1350-51.

Petitioner has also specifically waived the right to raise the individual claims set forth in his § 2255 motion. In his request,

4

petitioner appears to argue that he was denied effective assistance of counsel for his attorney's failure to raise Apprendi at sentencing or upon direct appeal and to object to the court's imposition of the obstruction of justice enhancement or the upward departure. (Petr.'s Mot., at 3). As this court has held, however, a criminal petitioner may waive the right to bring a claim for ineffective assistance of counsel arising from sentencing. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365 (N.D. Ga. 2004) (O'Kelley, J.) (collecting cases). Petitioner's allegations of ineffectiveness do not relate to advice that he received from his attorney about the waiver provision or his plea. See Bushert, 997 F.2d at 1350-51 (noting that such claims would call into question the validity of the waiver itself). Therefore, the court finds that petitioner waived the right to collaterally attack his sentence by alleging ineffective assistance of counsel arising from sentencing.

In addition, petitioner waived the right to challenge the constitutionality of his sentence pursuant to Booker, Blakely, and Apprendi. The Eleventh Circuit has held that when a defendant accepts a general waiver of the right to appeal as part of a plea agreement, that defendant also waives the right to appeal his sentence on

5

Booker/Blakely/Apprendi grounds. See, e.g., United States v. Frye, 402 F.3d 1123 (11th Cir. 2005); United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005); United States v. Rubbo, 396 F.3d 1330 (11th Cir. 2005). An appeal waiver thus "includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error . . . Specifically, 'the right to appeal a sentence based on . . . Booker grounds can be waived in a plea agreement.'" Frye, 402 F.3d at 1129 (quoting Grinard-Henry, 399 F.3d at 1296)).

The court finally notes that, even if it were able to reach the merits of petitioner's request, relief would not be warranted. Petitioner asserts that the Supreme Court's decisions in Booker, Blakely, and Apprendi render his sentence unconstitutional. Nonetheless, the Eleventh Circuit has held that these cases cannot be applied retroactively on collateral review. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005) (holding that Booker is not retroactive to cases on collateral review); In re Anderson, 396 F.3d 1336 (11th Cir. 2005) (same); In re Dean, 375 F.3d 1287 (11th Cir. 2004) (holding that Blakely is not retroactive to cases on collateral review); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001) (holding that Apprendi is not retroactive to cases on collateral

6

review); see also Schriro v. Summerlin, 542 U.S. 348 (2004) (same). Because a § 2255 motion constitutes a form of collateral review, Booker, Blakely, and Apprendi are not relevant to petitioner's case and therefore cannot be used to call this court's original sentencing decision into question.

Because petitioner knowingly and voluntarily waived his right to collaterally attack his sentence, petitioner's motion to vacate, set aside, or correct his sentence pursuant to § 2255 [39-1] and motions to amend his § 2255 request [56-1, 59-1] are hereby **DENIED**.  As a result, petitioner's application to proceed in forma pauperis [40-1] is hereby **DENIED as moot**.

## II. Petitioner's Motion to Modify the Court's Restitution Order

Petitioner has also requested that the court modify its restitution order so as to set up a monthly payment schedule.  Because petitioner is still serving his term of imprisonment, the amount of restitution remains due and payable immediately.  Accordingly, petitioner's request is hereby **DENIED**.  The court, however, will reconsider the matter upon

the petitioner's release from prison and upon the recommendation of his probation officer.

### III. Petitioner's Motion to Reconsider its Denial of a Temporary Release from Custody

In a letter dated January 23, 2006, petitioner requests that the court reconsider its denial of his motion for temporary release from custody so that he could attend a child visitation proceeding in the Superior Court of Barrow County, Georgia on February 7 and 8, 2006. That date having come and gone, petitioner's request is hereby **DENIED as moot**.

### IV. Petitioner's Motion for a Recommendation for a Transfer of Bureau of Prisons Facilities

In a letter dated February 28, 2006, petitioner requests that the court recommend that the United States Bureau of Prisons ("BOP") transfer him to a facility in Atlanta, Georgia or Talladega, Alabama. Petitioner is currently serving his sentence at the Federal Corrections Institution in Ashland, Kentucky after spending time in state custody. The court, at petitioner's earlier request, wrote the BOP on September 29, 2005, to recommend that petitioner be designated to its Atlanta camp upon his transfer into federal custody. However, on December 6, 2005,

the court was advised by the BOP that it was unable to accommodate the recommendation and would be assigning petitioner to the corrections institution in Kentucky.  Because petitioner is now outside of the jurisdiction of the Northern District of Georgia, the court lacks jurisdiction to consider defendant's present request.  See 28 U.S.C. § 2241 (a) ("Writs of habeas corpus may be granted by . . . the district court of the district wherein the restraint complained of is had.").  Accordingly, petitioner's request for a transfer recommendation is hereby **DENIED**.

IT IS SO ORDERED, this 10th day of April, 2006.

*s/William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge